# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**GARRIN DAVID SMITH, #11304-171**
**A/K/A GARRETT DON SMITH**            **PETITIONER**

**VS.**            **CIVIL ACTION NO. 5:09-cv-24-DCB-MTP**

**BRUCE PEARSON, Warden**            **RESPONDENT**

## MEMORANDUM OPINION

This cause is before the Court, *sua sponte*, for consideration of dismissal. Petitioner Smith, an inmate at the Federal Correctional Complex -Yazoo City, Mississippi, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on March 4, 2009. Upon review of the Petition and Response [7] filed by Petitioner, this Court has reached the following conclusions.

### Background

On March 30, 2005, Petitioner pled guilty to and was convicted of possession with intent to distribute methamphetamine and conspiracy in the United States District Court for the District of South Carolina. Petitioner was sentenced to serve 135 months in the custody of the Bureau of Prisons, followed by 5 years of supervised release. On October 31, 2006, the United States Court of Appeals for the Fourth Circuit affirmed Petitioner's sentence. *U.S. v. Smith*, No. 06-4103 (4th Cir. Oct. 31, 2006).

Petitioner states that his real name is Garrin David Smith. However, Petitioner states that he was indicted and convicted by the District of South Carolina as Garrett Don Smith. Petitioner's sole argument is that his name is not Garrett Don Smith, as named in the criminal

indictment, therefore he has not been indicted for the federal crime of possession with intent to distribute methamphetamine and conspiracy. Petitioner argues that since the indictment in his case is invalid, the District of South Carolina lacked jurisdiction to sentence him, therefore his sentence of 135 months is void and his current imprisonment is illegal. As relief, Petitioner is requesting his immediate release from incarceration.

Analysis

A Petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir.1992); *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir.2000)(section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration). By contrast, a motion filed pursuant to 28 U.S.C. § 2255 "'provides the primary means of collateral attack on a federal sentence.'" *Pack,* 218 F.3d at 451 (*quoting Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990)). In *Pack*, the Fifth Circuit found that "[a] section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." *Pack*, 218 F.3d at 452. Clearly, Petitioner has filed the instant § 2241 petition challenging alleged errors that occurred during his federal sentencing by the District of South Carolina, which is not properly pursued in a § 2241 petition. *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir.1997)("section 2255, not section 2241, is the proper means of attacking errors that occurred during or before sentencing").

There is, however, a savings clause in § 2255 which acts as a limited exception to this general rule. The relevant portion of § 2255, with its savings clause provides, as follows:

2

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis added). Pursuant to this "savings clause," a federal court may consider a § 2241 petition that challenges a federally imposed sentence when the petitioner establishes that the remedy under § 2255 is inadequate or ineffective. *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).

The Fifth Circuit, in providing guidance as to the factors that must be satisfied for a petitioner to meet the stringent "inadequate or ineffective" requirement, held the savings clause of § 2255 to apply to a claim "that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and that claim "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir.2001). Petitioner Smith bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective to test the legality of his detention. *Id*. at 901.

The Court finds that Petitioner has failed to satisfy the test for filing this petition under the savings clause of 28 U.S.C. § 2255. Petitioner's contention that the District of South Carolina lacked jurisdiction to sentence him because of defects in his indictment is foreclosed by *United States v. Cotton*, 535 U.S. 625 (2002). *See Wesson v. United States Penitentiary Beaumont, TX*, 305 F.3d 343, 346 (5th Cir.2002)(*citing Cotton* for the proposition that defects in an indictment are nonjurisdictional). Furthermore, "[h]abeas corpus relief is extraordinary and 'is reserved for

3

transgressions of constitutional rights for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Kinder v. Purdy*, 222 F.3d 209, 213 (5th Cir.2000)(*citing United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir.1992)).

Since Petitioner is challenging the validity of his conviction and sentence in the instant petition and since he fails to satisfy the requirements of the savings clause, this Court is without jurisdiction to consider the claims brought in this § 2241 petition. Because the Court has found that it lacks jurisdiction to consider this petition, it will not address the merits of this case.

## Conclusion

For the reasons discussed in this Memorandum Opinion, the Court finds that it is without jurisdiction to consider this § 2241 petition. Accordingly, this case is dismissed with prejudice as to the jurisdictional issue only, and without prejudice regarding all other issues. *See Pack v. Yusuff*, 218 F.3d 448, 454-55 (5th Cir. 2000).

SO ORDERED, this the ___4th___ day of __August_____, 2009.

                          ___s/ David Bramlette_____
                          UNITED STATES DISTRICT JUDGE